# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **MICHAEL COCHRAN,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | No. 3:18-cv-0050 |
| ) | Judge Aleta A. Trauger |
| **STATE OF TENNESSEE** *et al.*, ) | |
| ) | |
|     **Defendants.** ) | |

## **MEMORANDUM**

The plaintiff Michael Cochran, proceeding *pro se*, filed a civil complaint against defendants State of Tennessee and Davidson County Sheriff's Department. (ECF No. 1.) Before the court are the plaintiff's application to proceed *in forma pauperis* (ECF No. 2), his Motion to Amend the Complaint (ECF No. 7), his Motion for Hearing (ECF No. 6) and his Motion for Appointment of Counsel (ECF No. 9). In addition, his complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I. APPLICATION TO PROCEED AS A PAUPER

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it appears from the plaintiff's submissions that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 2) will be granted.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff will be assessed the full $350 filing fee, to be paid as directed in the accompanying order.

## II. MOTION TO AMEND THE COMPLAINT

The plaintiff has filed a Motion to Amend the Complaint to add the names of the individual Sheriff's Office employees he believes are responsible for the wrongs about which he complains: Jail Administrator Skelton, Officer W. Paul, Lieutenants Conrad and Dial. Under Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within 21 days after service or within 21 days after service of a responsive pleading or motion to dismiss under Fed. R. Civ. P. 12. Because the complaint has not been served, the plaintiff may amend his complaint as a matter of course. As such, the Motion to Amend (ECF No. 7) is **GRANTED**. The plaintiff has filed his amended complaint (ECF No. 8) adding the individual defendants and the amended complaint will be considered the extant complaint for all purposes, including the court's initial review.

## III. INITIAL REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of any complaint filed *in forma pauperis* and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *Begola v. Brown*, 172 F.3d 47 (Table), 1998 WL 894722, at *1 (6th Cir. Dec. 14, 1998) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199

(2007)). The court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDaniel*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### A. Factual Allegations

In his amended complaint, the plaintiff alleges that the defendants knowingly held him at the "MCC" for 48 hours after he was scheduled to be released. (ECF No. 8 at Page ID# 33.) The plaintiff alleges that a probation warrant was issued on November 22, 2017 which caused him to be re-arrested and re-incarcerated after which, the plaintiff alleges, he was beaten and denied medical care. (*Id.*) The plaintiff alleges that the defendants knowingly tried to "get [him] violated at and around Thanksgiving . . . [to] keep [him] from seeing and being with family. (*Id.* at Page ID# 34.) As relief, the plaintiff seeks damages.

Because the allegations in plaintiff's amended complaint are somewhat confusing, the court has also reviewed his original complaint. In the original complaint, the plaintiff alleges that, on November 20, 2017, he went to court and returned at approximately 2:30.[1] (ECF No. 1 at Page ID# 5.) The plaintiff was scheduled to be released later that day. (*Id.*) At about 5:30 he heard over a radio that inmates were to be released. (*Id.*) The plaintiff alleges that he waited, but was not released. (*Id.*) After talking with his attorney, a retired Metro police officer and a bondsman, plaintiff was finally released on November 22, 2017 at 9:00.[2]

### B. Standard of Review

If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28

---

[1] The plaintiff does not say where he returned to but presumably he was returned to the custody of the Davidson County Sheriff's Office.
[2] It is not clear if the plaintiff means 9:00 a.m. or 9:00 p.m., but the exact time is not essential to the court's analysis.

U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [§ 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x

4

608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

**C. Discussion**

1. Constitutional Violations against Defendants State and Sheriff's Department

The plaintiff's claim against the State of Tennessee is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). That amendment prohibits suits in federal court against the state or any of its agencies or departments. *Pennhurst State School & Hosp. v. Haldermann*, 465 U.S. 89, 100 (1984). A state's Eleventh Amendment immunity is in the nature of a jurisdictional defense and may be raised on the court's own motion. *Estate of Ritter v. University of Michigan*, 851 F.2d 846, 851 (6th Cir. 1988). The State of Tennessee is therefore not subject to a section 1983 action.

The plaintiff also identifies the Davidson County Sheriff's Office as a defendant. An express requirement of 42 U.S.C. § 1983 is that the defendant be a "person." *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The Sheriff's Office is neither a "person" nor a political or corporate body within the terms of § 1983. *Monell*, 436 U.S. 658, 689-90 n.53. Indeed, the Sixth Circuit Court of Appeals has previously held that a county sheriff's office is not an entity subject to suit under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that a county police department was not an entity which may be sued).

However, construing the complaint liberally at it must, the court assumes that the plaintiff intended to sue Davidson County, which is subject to suit, under certain circumstances. The

County, however, is not liable for an injury inflicted solely by an employee or agent on a theory of respondeat superior. *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (noting "[a]s we have already explained here and over the years, a defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis.") In other words, the County cannot be held liable merely because it employs a tortfeasor. *Monell*, 436 U.S. at 691. Instead, the plaintiff must show that: (1) he has suffered harm because of a constitutional violation, and (2) a policy or custom of the County caused the harm, since "municipal liability attaches only where a constitutional violation results from the 'execution of a government's policy or custom.'" *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003) (quoting *Gregory v. Shelby County*, 220 F.3d 433, 441 (6th Cir. 2000)). To prevail against the County, the plaintiff must "identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (citation omitted).

The plaintiff has not identified a policy or custom that caused his injury. *See Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403-04 (1997) (noting that "[l]ocating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality."). Having failed to identify a policy or custom, the plaintiff has failed to sufficiently allege a claim against the County.

    2. <u>Constitutional Violations against Defendants Skelton, Paul, Conrad and Dial.</u>

The plaintiff alleges that defendants Skelton, Paul, Conrad and Dial knowingly detained him for 48 hours after he was scheduled to be released.

Overdetentions potentially violate the Due Process Clause by infringing upon an

individual's basic liberty interest in being free from incarceration absent a criminal conviction. *See Oviatt By & Through Waugh v. Pearce,* 954 F.2d 1470, 1474 (9th Cir. 1992). This liberty interest is deeply rooted: "[f]reedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). Even if an inmate's initial confinement was justified by a constitutionally adequate basis, that confinement cannot constitutionally continue once that basis no longer exists. *See id*. at 757.

Temporarily retaining custody over an inmate who is entitled to release in order to accomplish administrative tasks incident to that release is not per se unconstitutional. *Lewis v. O'Grady*, 853 F.2d 1366, 1370 (7th Cir.1988) (recognizing that "the administrative tasks incident to a release of a prisoner may require some time to accomplish—in this case perhaps a number of hours.") However, courts recognize that inmates' due process rights may be violated if they are not released within a reasonable time after the reasons for their detentions have ended. *Brass v. County of Los Angeles*, 328 F.3d 1192, 1200 (9th Cir. 2003); *Golberg v. Hennepin County*, 417 F.3d 808, 811 (8th Cir. 2005).

Courts have declined to adopt a bright-line rule for the maximum permissible delay in the overdetention context. *Berry v. Baca*, 379 F.3d 764, 771 (9th Cir. 2004). However, courts considering the issue appear to agree that the maximum permissible administrative delay in the overdetention context likely falls well short of the 48–hour horizon set out in *County of Riverside v. McLaughlin,* 500 U.S. 44 (1991).[3]  *Berry*, 379 F.3d at 771–72; *Brass v. County of Los Angeles*, 328 F.3d 1192, 1202 (9th Cir. 2003). "[E]ven a thirty-minute detention after being ordered released could work a violation of a prisoner's constitutional rights under the Fourteenth

---

[3] In *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991), the Supreme Court restricted to 48 hours detentions pending probable cause determinations after warrantless arrests. *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991).

Amendment." *Davis v. Hall*, 375 F.3d 703, 713 (8th Cir. 2004). The Eighth Circuit has held that once a judge orders the release of a prisoner, any continued detention unlawfully deprives the prisoner of his liberty because "the state has lost its lawful authority" to hold him. *Slone v. Herman*, 983 F.2d 107, 110 (8th Cir. 1993).

To establish a Due Process violation, the plaintiff must demonstrate that the defendants' conduct either interfered with rights "implicit in the concept of ordered liberty," *U.S. v. Salerno*, 481 U.S. 739, 746 (1987), or was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n. 8 (1998); *Cohen v. District of Columbia*, 744 F.Supp.2d 236, 243 (D.D.C. 2010). In the prison setting, where forethought about the welfare of inmates "is not only feasible but obligatory under a regime that incapacitates a prisoner to exercise ordinary responsibility for his own welfare," "deliberate indifference can rise to a constitutionally shocking level. . . ." Lewis, 523 U.S. at 851, 852, 118 S.Ct. 1708. The central question is whether the defendants' conduct manifested deliberate indifference to plaintiff's constitutional rights. *See Golberg v. Hennepin County*, 417 F.3d 808, 811 (8th Cir. 2005). The constitutional right at issue in this case is "beyond dispute: when a prisoner's sentence has expired, he is entitled to release." *Shorts v. Bartholomew*, 255 F.App'x. 46, 51 (6th Cir. 2007). "[A]n incarcerated inmate has a 'liberty interest in being released at the end of his term of imprisonment.'" *Id*. (quoting *Schultz v. Egan*, 103 F.App'x. 437, 440 (2d Cir. 2004)).

While "[t]his liberty interest is most often attributed to the Due Process Clause of the Fourteenth Amendment" *Id.* (citing cases), courts have also recognized that the Eighth Amendment might be implicated. *See Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir. 1989) (citing Hutto v. Finney, 437 U.S. 678, 685 (1978)) (Eighth Amendment); *Haygood v. Younger*,

8

769 F.2d 1350, 1354 (9th Cir. 1985) (en banc) (Eighth Amendment). Even under the Eighth Amendment however, the deliberate indifference standard applies. *See Shorts*, 255 F.App'x at 55.

> To establish § 1983 liability in this context, a plaintiff must [1] first demonstrate that a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted. [2] Second, the plaintiff must show that the official either failed to act or took only ineffectual action under circumstances indicating that his or her response to the problem was a product of deliberate indifference to the prisoner's plight. [3] Finally, the plaintiff must demonstrate a causal connection between the official's response to the problem and the infliction of the unjustified detention.

*Id.* (quoting *Sample*, 885 F.2d at 1110).

At this juncture, the plaintiff's allegations are sufficient to state a claim against the defendants for violation of his constitutional rights as a result of the 48-hour delay in releasing him.

### 3. Other Constitutional Violations

The plaintiff alleges that, after he was re-incarcerated on a probation violation, he was beaten and denied medical care. Additionally, he alleges that the defendants intentionally violated him during the holidays to keep him away from his family. These allegations are insufficient to set forth claims for constitutional violations.

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. 544, 555 (2007). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S.

9

at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

As such, to the extent that the plaintiff was attempting to raise additional constitutional violations, he has failed to do so.

### IV. MOTION TO APPOINT COUNSEL

The plaintiff has filed a motion requesting a court-appointed attorney. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The court may, however, request an attorney to serve as counsel, in the court's discretion. *Abdur- Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the court should consider the complexity of the issues, the procedural posture of the case, and the plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of the plaintiff's case. As such, at this time the plaintiff's request for appointment of counsel (ECF No. 9) will be denied.

### V. MOTION FOR HEARING

The plaintiff has also filed a Motion for Hearing. (ECF No. 6) In the motion, he requests "a quick court date." This action is presently in the initial review phase and will be referred to the Magistrate Judge for case management. As such, the plaintiff's motion regarding case

management will be denied without prejudice to the plaintiff raising issues regarding the timing of the proceedings in this case before the Magistrate Judge.

## VI. MOTION TO ACCEPT PRINTOUT AND COMPLAINT

As is plain from the discussion above, the court has considered, and will grant, the plaintiff's application to proceed *in forma pauperis*, and the court has conducted the initial review of his complaint. As such, the Motion to Accept My Printout of My Account and My Complaint (ECF No. 11) will be granted.

## VII. CONCLUSION

For the reasons set forth herein, the plaintiff has sufficiently stated a claim for constitutional violations associated with his 48-hour overdetention against defendants Skelton, Paul, Conrad and Dial. The plaintiff has failed to state any other constitutional violations and he has failed to state any claims against the State of Tennessee, the Davidson County Sheriff's Office or Davidson County. The complaint shall be referred to the Magistrate Judge for further proceedings as described in the accompanying order. An appropriate order is filed herewith.

ENTER this 4th day of May 2018.

ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE